TOMPKINS v. CRAIG.

SAME v. ESHELMAN.

(Circuit Court, E. D. Pennsylvania. July 10, 1900.)

No. 44.

On rehearing. Denied.
For former opinion, see 102 Fed. 69.

McPHERSON, District Judge. A reargument of this motion is asked for on the ground that Telegraph Co. v. Purdy, 162 U. S. 329, 16 Sup. Ct. 810, 40 L. Ed. 986, was not brought to the attention of the court; that case deciding, it is said, that such a suit as the present is founded, not upon a record of another tribunal, but upon the original contract of subscription. In a sense, it is true that the liability now sought to be enforced is based upon the contract of subscription; for, if no such contract had been made, the order of the Iowa court would be without validity. But it is also true that the contract of itself gave no right of action. The contract was conditional. The defendant's obligation to pay a given assessment could only arise after the happening of certain contingencies, namely, in-

solvency of the corporation, ascertainment of the need for an assessment, and an order of court levying the charge upon each stockholder. The plaintiff's right to sue depends, therefore, not only upon the defendant's contract, but also upon the judicial action taken by the Iowa court; and of this action the record of that court is the indispensable evidence. This being so, I remain of the opinion that it is quite as correct to say that the suit is founded upon the record, as to say that it is founded upon the contract; and accordingly I continue to believe that the defendant is entitled to have the whole record set out, in order that this court may determine whether a complete right to sue ever existed, and also whether such right apparently continues to exist.

The motion for a reargument is refused.